BUCHALTER NEMER
A Professional Corporation
DENISE H. FIELD (SBN: 111532)
BRANDON M. CARR (SBN: 280959)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: dfield@buchalter.com

Attorneys for Plaintiff
LSQ FUNDING GROUP L.C.,
a Florida limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LSQ FUNDING GROUP L.C., a Florida limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALTITUDE MARKETING, INC., a Colorado corporation,<br><br>Defendant. | Case No. 2:16-CV-3976<br><br>**COMPLAINT FOR:**<br><br>**1. OPEN ACCOUNT;**<br>**2. ACCOUNT STATED;**<br>**3. BREACH OF WRITTEN AGREEMENT** |

LSQ Funding Group L.C. ("LSQ"), a Florida limited liability company, alleges as follows:

## NATURE OF ACTION

1.   LSQ purchased the accounts receivable of Upsolar America Inc. ("Upsolar"). This is an action to recover damages for money due arising out of Altitude Marketing, Inc.'s ("Altitude") failure to pay for goods ordered by Altitude from Upsolar and delivered by Upsolar to Altitude.

## THE PARTIES

2.   At all times relevant hereto LSQ was, and is, a limited liability company organized and existing under the laws of the State of Florida with its

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**COMPLAINT**
BN 20891785v4

Case No. 2:16-CV-3976

principal place of business in Maitland, Florida.

3. LSQ is informed and believes and thereon alleges that defendant Altitude was and is a corporation incorporated under the laws of the State of Colorado with its principal place of business in Westminster, Colorado.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states within the meaning of 28 U.S.C. § 1332(a) and (e) and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this district. The invoices at issue require and Altitude agreed to make payments to LSQ in Los Angeles, California.

## THE OBLIGATION

6. On or about July 24, 2014, LSQ and Upsolar entered into a Factoring and Security Agreement (the "Factoring and Security Agreement") whereby Upsolar assigned Upsolar's right, title and interest in accounts to LSQ and LSQ purchased said accounts from Upsolar. In order to secure the payment of all indebtedness and obligations of Upsolar to LSQ, Upsolar granted to LSQ a security interest in and lien on all owned and thereafter acquired personal property and fixtures, and proceeds thereof, including without limitation, Accounts, Inventory and General Intangibles as defined in the Factoring and Security Agreement (collectively, "Collateral"). A true and correct copy of the Factoring and Security Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

7. LSQ perfected its security interest in the Collateral by filing a UCC Financing Statement ("Financing Statement") in the office of the Secretary of State of California, on July 14, 2014, a true and correct copy of which is attached hereto as **Exhibit "B"** and incorporated by reference.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

2

**COMPLAINT**
BN 20891785v4

Case No. 2:16-CV-3976

8.     On or about May 19, 2016, and again on January 22, 2016 and January 26, 2016, Altitude was notified that Upsolar assigned its accounts to LSQ, and that payments thereon should be made payable to LSQ at the address specified therein (collectively "the Notice of Assignment").  A true and correct copy of the Notice of Assignment is attached hereto as **Exhibit "C"** and incorporated herein by reference.

9.     LSQ is informed and believes and thereon alleges that on or about January 21, 2016, Upsolar delivered goods to Altitude as described in Invoice #F-SUSA16013 ("Invoice 16013").  Invoice 16013 provides that payment is due net 30 days from January 21, 2016.  Invoice 16013 notified Altitude that Invoice 16013 is "assigned and payable only to LSQ Funding Group, L.C." and payments should be sent to the address stated therein.  Altitude acknowledged receipt of the goods and agreed to pay for the goods pursuant to the terms contained therein.  Altitude has not paid LSQ the sum of $180,860.30 owed on Invoice 16013.  A true and correct copy of Invoice 16013 is attached hereto as **Exhibit "D"** and incorporated herein by reference.

10.    On or about January 22, 2016, Altitude, through an authorized representative, Courtney Minter, promised and represented to LSQ in writing that Invoice 16013 will be paid by Altitude to LSQ without recoupment, setoff, defense or counterclaim by the due date on Invoice 16013 ("Invoice Acknowledgement 16013").  Altitude further agreed that if either LSQ or Altitude retains counsel to enforce its rights regarding Invoice Acknowledgement 16013, the prevailing party shall recover its attorneys' fees and costs from the unsuccessful party.  A true and correct copy of Invoice Acknowledgement 16013 is attached hereto as **Exhibit "E"** and incorporated herein by reference.

11.    LSQ is informed and believes and thereon alleges that on or about January 25, 2016, Upsolar delivered goods to Altitude as described in Invoice #F-SUSA16012 ("Invoice 16012").  Invoice 16012 provides that payment

is due net 30 days from January 25, 2016.  Invoice 16012 notified Altitude that Invoice 16012 is "assigned and payable only to LSQ Funding Group, L.C." and payments should be sent to the address stated therein.  Altitude acknowledged receipt of the goods and agreed to pay for the goods pursuant to the terms contained therein.  Altitude has not paid LSQ the sum of $180,860.30 owed on Invoice 16012.  A true and correct copy of Invoice 16012 is attached hereto as **Exhibit "F"** and incorporated herein by reference.

12.  On or about January 26, 2016, Altitude, through an authorized representative, Courtney Minter, promised and represented to LSQ in writing that Invoice 16012 will be paid by Altitude to LSQ without recoupment, setoff, defense or counterclaim by the due date on Invoice 16012 ("Invoice Acknowledgement 16012").  Altitude further agreed that if either LSQ or Altitude retains counsel to enforce its rights regarding Invoice Acknowledgement 16012, the prevailing party shall recover its attorneys' fees and costs from the unsuccessful party.  A true and correct copy of Invoice Acknowledgement 16012 is attached hereto as **Exhibit "G"** and incorporated herein by reference.

13.  LSQ is informed and believes and thereon alleges that on or about February 8, 2016, Upsolar delivered goods to Altitude which LSQ is informed and believes and thereon alleges is described in Invoice #F-SUSA16021 ("Invoice 16021").  Invoice 16021 provides that payment is due net 30 days from February 8, 2016.  Invoice 16021 notified Altitude that Invoice 16021 is "assigned and payable only to LSQ Funding Group, L.C." and payments should be sent to the address stated therein.  Altitude has not paid LSQ the sum of $57,472.65 owed on Invoice 16021.  A true and correct copy of Invoice 16021 is attached hereto as **Exhibit "H"** and incorporated herein by reference.

14.  Altitude, in an email dated February 9, 2016, acknowledged receipt of the goods identified in Invoice 16021 ("Invoice Acknowledgment 16021").  A true and correct copy of Invoice Acknowledgement 16021 is attached hereto as

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

4

**COMPLAINT**
BN 20891785v4

Case No. 2:16-CV-3976

**Exhibit "I"** and incorporated herein by reference.

15. LSQ is informed and believes and thereon alleges that on or about March 1, 2016, Upsolar delivered goods to Altitude which LSQ is informed and believes and thereon alleges is described in Invoice #F-SUSA16032 ("Invoice 16032"). Invoice 16032 provides that payment is due net 30 days from March 1, 2016. Invoice 16032 notified Altitude that Invoice 16032 is "assigned and payable only to LSQ Funding Group, L.C." and payments should be sent to the address stated therein. Altitude has not paid LSQ the sum of $94,040.80 owed on Invoice 16032. A true and correct copy of Invoice 16032 is attached hereto as **Exhibit "J"** and incorporated herein by reference.

16. Altitude acknowledged in writing receipt of the goods identified in Invoice 16032 ("Invoice Acknowledgment 16032"). A true and correct copy of Invoice Acknowledgement 16032 is attached hereto as **Exhibit "K"** and incorporated herein by reference.

17. LSQ is informed and believes and thereon alleges that on or about March 7, 2016, Upsolar delivered goods to Altitude which LSQ is informed and believes and thereon alleges is described in Invoice #F-SUSA16031 ("Invoice 16031"). Invoice 16031 provides that payment is due net 30 days from March 7, 2016. Invoice 16031 notified Altitude that Invoice 16031 is "assigned and payable only to LSQ Funding Group, L.C." and payments should be sent to the address stated therein. Altitude has not paid LSQ the sum of $65,001.58 owed on Invoice 16031. A true and correct copy of Invoice 16031 is attached hereto as **Exhibit "L"** and incorporated herein by reference.

18. Crawford Electric, at Altitude's request, acknowledged in writing receipt of the goods identified in Invoice 16031 ("Invoice Acknowledgment 16031"). A true and correct copy of Invoice Acknowledgement 16031 is attached hereto as **Exhibit "M"** and incorporated herein by reference.

19. Invoice 16013, Invoice 16012, Invoice 16021, Invoice 16032, and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

5

**COMPLAINT**
BN 20891785v4

Case No. 2:16-CV-3976

Invoice 16031 shall be collectively referred to as "the Invoices."

20. Invoice Acknowledgement 16013, Invoice Acknowledgement 16012, Invoice Acknowledgement 16021, Invoice Acknowledgement 16032, and Invoice Acknowledgement 16031 shall be collectively referred to as "the Invoice Acknowledgements."

21. Altitude paid to LSQ the sum of $15,000.00 in June 2016.

22. Altitude has failed and refused to pay the sum of $450,300.14 due and owing on the Invoices.

## COUNT I
### (Open Account)
### (Against Altitude)

23. LSQ realleges and incorporates herein by reference each and every foregoing paragraph.

24. Within four years last past, Altitude became indebted on an open book account for money due in the sum of $450,300.14 for goods sold and delivered to Altitude at Altitude's special instance and request.

25. Although due demand therefor has been made, $450,300.14 has not been paid and it is now due, owing, and unpaid with interest or late charges thereon.

26. As a result of Altitude's failure to pay $450,300.14, LSQ was required to employ the law firm of Buchalter Nemer, a Professional Corporation, to commence and prosecute this action. LSQ has incurred and continues to incur attorneys' fees. LSQ prays leave of this Court to amend this Complaint when those costs, expenses and fees have been ascertained.

**WHEREFORE**, Plaintiff prays for judgment as hereinafter set forth.

## COUNT II
### (Account Stated)
### (Against Altitude)

27. LSQ realleges and incorporates herein by reference each and every

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6

**COMPLAINT**
BN 20891785v4

Case No. 2:16-CV-3976

foregoing paragraph.

28.   Within four years last past, an account was stated by and between LSQ and Altitude for goods and/or services sold and delivered to Altitude, at Altitude's special instance and request, wherein it was agreed that Altitude was indebted in the sum of the $450,300.14, plus interest thereon.

29.   Despite due demand therefor, Altitude did then and does now fail, neglect and refuse to pay said sum or any part thereof, and there is now due, owing and unpaid to LSQ by Altitude the sum of $450,300.14.

**WHEREFORE**, LSQ prays for judgment against Altitude, as follows:

## COUNT III

### (Breach of Written Agreement)

### (Against Altitude)

30.   LSQ realleges and incorporates herein by reference each and every foregoing paragraph.

31.   In making the representations and promises to LSQ set forth in the Invoice Acknowledgments, Altitude knew, or should have known that LSQ would be reasonably induced to rely upon such promises and representations and, in reliance thereon, LSQ purchased the accounts from Upsolar reflected in the Invoices issued and delivered to Altitude. LSQ's reliance on the promises and representations made in the Invoice Acknowledgments was reasonable.

32.   But for Altitude's promises and representations as set forth in the Invoice Acknowledgments, LSQ would not have purchased the accounts from Upsolar.

33.   Altitude has not performed any of its promises and representations made in the Invoice Acknowledgments and has breached the terms of the Invoice Acknowledgments. Despite demand therefor, Altitude has failed and refused, and continues to fail and refuse to pay to LSQ the sum of $450,300.14 in breach of its

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

7

COMPLAINT
BN 20891785v4

Case No. 2:16-CV-3976

promises to LSQ and the terms of the Invoice Acknowledgments.

34. As a direct and proximate result of Altitude's failure to perform according to its promises and representations to LSQ made in the Invoice Acknowledgement, LSQ has been damaged in the amount of $450,300.14.

35. As a result of Altitude's failure to pay $450,300.14, LSQ was required to employ the law firm of Buchalter Nemer, a Professional Corporation, to commence and prosecute this action. LSQ has incurred and continues to incur attorneys' fees. LSQ prays leave of this Court to amend this Complaint when those costs, expenses and fees have been ascertained.

**WHEREFORE**, LSQ prays for judgment against Altitude as hereinafter set forth.

1. On Count I, judgment in favor of LSQ and against Altitude in the sum of $450,300.14 plus interest thereon at the legal rate according to proof at time of trial or entry of judgment and attorneys' fees and costs.

2. On Count II, judgment in favor of LSQ and against Altitude in the sum of $450,300.14 plus interest thereon at the legal rate according to proof at time of trial or entry of judgment.

3. On Count III, judgment in favor of LSQ and against Altitude in the sum of $450,300.14 plus interest thereon at the legal rate according to proof at time of trial or entry of judgment and attorneys' fees and costs.

4. For such other and further relief as this Court may deem just and proper.

DATED: June 6, 2016

BUCHALTER NEMER
A Professional Corporation

By: /s/ Denise H. Field
DENISE H. FIELD
Attorneys for LSQ FUNDING L.C.,
a Florida limited liability company